**FILED**
**AUG 1 4 2014**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re:

CMB EXPORT, LLC d/b/a CMB REGIONAL CENTERS,

    Plaintiffs,

v.

KIMBERLY ATTEBERRY,
CHRISTOPHER ATTEBERRY, and
VERMILION CONSULTING, LLC,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:14-mc-00873
Assigned To : Walton, Reggie B.
Assign. Date : 8/14/2014
Description: Miscellaneous

(Civil Action No.: 4:13-cv-04051,
Pending in the United States District
Court for the Central District of Illinois)

### PLAINTIFF CMB EXPORT, LLC, d/b/a CMB REGIONAL CENTERS', MOTION TO COMPEL AND HOLD NON-PARTY IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA

Plaintiff, CMB EXPORT, LLC d/b/a CMB REGIONAL CENTERS ("CMB"), by its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, moves this Honorable Court to compel compliance and the production of documents in accordance with a properly served subpoena against non-party ANGELIQUE BRUNNER ("Brunner"), and hold Brunner in contempt, pursuant to Federal Rule of Civil Procedure 45. In support of this motion, CMB states as follows:

1. Brunner, a non-party in the underlying litigation, was personally served with a subpoena for the production of documents on May 7, 2014. A copy of the subpoena and Affidavit of Service are attached as Exhibit A. The return date of the subpoena was May 22, 2014.

2. On or about June 11, 2014, approximately 21 days after the subpoena return date had expired, Christopher Brown of Ackerman Brown PLLC, contacted CMB purporting to represent Brunner. Mr. Brown requested a copy of the subpoena.

4842-7366-3515.1

RECEIVED
Mail Room

AUG 1 4 2014

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

3. On June 11, 2014, counsel for CMB responded to Mr. Brown's request with a copy of the subpoena and affidavit of service. A copy of CMB's email is attached as Exhibit B. In its response CMB emphasized that Brunner's response was untimely and requested a response as soon as possible.

4. Neither Mr. Brown nor Brunner have responded to CMB at any time since CMB's June 11, 2014 email correspondence.

5. Federal Rule of Civil Procedure 45 provides the court for the district where compliance is required with the power to compel the production of documents from the non-party subject to that subpoena. Fed.R. Civ.P 45(d)(2)(B)(i); See *Rhodes v. John Adams Assocs.*, 255 F.R.D. 7, 8 (D.D.C. 2008) (indicating that Rule 45 is the appropriate mechanism for enforcing subpoena through motion to compel). In this case, Brunner was served in the District of Columbia and compliance was required at Lewis Brisbois Bisgaard & Smith's Washington, D.C. office located at 601 Pennsylvania Avenue NW, Ste. 900 –South Building, Washington, D.C. 20006. Thus this is the correct venue to bring an action to compel compliance.

6. Further, Fed.R. Civ.P 45(g) provides in full:

"The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

7. Brunner has been served yet has failed to obey the subpoena and has not provided any reason for her non-compliance.

8. An "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed.R. Civ.P 45(d)(2)(B). More than 14 days have passed since service of the subpoena and the time period for compliance (May 22, 2014) has expired.

Brunner has not served objections or responded in anyway to the subpoena. Accordingly, Brunner has waived her right to object to the subpoena.

WHEREFORE, Plaintiff CMB EXPORT, LLC d/b/a CMB REGIONAL CENTERS respectfully requests that this Honorable Court grant its Motion to Compel and enter an order (a) compelling Angelique Brunner to respond to CMB's subpoena for production of documents within seven (7) days of the entry of such an order; (b) deeming any and all of Brunner's potential untimely objections to said subpoena as waived; and (c) enter an order finding Brunner in contempt and requiring her to pay CMB's reasonable expenses incurred in making its instant motion, including attorneys' fees, and for any other relief the Court deems just and appropriate.

Respectfully submitted this 13th day of August, 2014.

_____
John J. Michels, Jr. (DC Bar #457575)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Phone: (312) 345-1718
Fax: (312) 345-1717
Email: john.michels@lewisbrisbois.com

*Counsel for Plaintiff CMB EXPORT, LLC d/b/a CMB REGIONAL CENTERS*

Copy to:
Defendants Counsel
Robert B. McMonagle
220 N. Main Street, Suite 600
Davenport, Iowa 52801-1987
Telephone: (563) 324-3246
Facsimile: (563) 324-1616
Email: rmemonagle@l-wlaw.com

4842-7366-3515.1

Copy to:
Angelique Brunner's Counsel
Christopher M. Brown
Ackerman Brown PLLC
2101 L Street NW, Suite 440
Washington, DC 20037
Telephone: (202) 393-5428
Email: chris.brown@ackermanbrown.com

4842-7366-3515.1

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing PLAINTIFF'S CMB EXPORT, LLC, d/b/a CMB REGIONAL CENTERS' MOTION TO COMPEL AND HOLD NON-PARTY IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA and was served upon Defendants' Counsel by mailing a copy of this document via first class mail, proper postage prepaid, to all counsel of record at their respective addresses on this 13th day of August, 2014.

                                                             John J. Michels, Jr.

# EXHIBIT A

## Affidavit of Process Server

| CMB Export, LLC | vs Kim Atteberry et al. | 4:2013cv04051 |
|---|---|---|
| Plaintiff/Petitioner | Defendant/Respondent | Case# |

Being duly sworn, on my oath, I STEPHEN H. FOLCHER
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served Angelique Brunner
NAME OF PERSON/ENTITY BEING SERVED

with the (documents) ✓ Subpoena with $ NO witness fee and mileage
✓ Attachment A

by serving (NAME) Angelique Brunner
at ☐ Home
☐ Business  Hyatt Regency Hotel Capitol Hill, 400 New Jersey Ave NW, Washington DC 20001
☐ on (DATE) May 7, 2014          at (TIME) 10:44 AM

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____
From (CITY) _____ (STATE) _____

**Manner of Service:**
✓ By Personal Service
☐ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely,
☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers
☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
☐ Unknown at Address   ☐ Evading   ☐ Other: _____
☐ Address does not exist   ☐ Service cancelled by litigant
☐ Moved, Left no forwarding   ☐ Unable to serve in a timely fashion

**Service Attempts:** Service was attempted on: ( ) ___ ( ) ___ ( ) ___
DATE TIME   DATE TIME   DATE TIME
( ) ___ ( ) ___ ( ) ___
DATE TIME   DATE TIME   DATE TIME

**Description:**
☐ Male ☐ White Skin ✓ Black Hair ☐ White Hair ☐ 14-20 Yrs. ☐ Under 5' ☐ Under 100 Lbs.
✓ Female ✓ Black Skin ☐ Brown Hair ☐ Balding ☐ 21-35 Yrs. ☐ 5'-5'3" ✓ 100-130 Lbs.
☐ Brown Skin ☐ Blond Hair ✓ 36-50 Yrs. ✓ 5'4"-5'8" ☐ 131-160 Lbs.
☐ Glasses ☐ Yellow Skin ☐ Gray Hair ☐ Mustache ☐ 51-65 Yrs. ☐ 5'9"-6' ☐ 161-200 Lbs.
☐ Red Skin ☐ Red Hair ☐ Beard ☐ Over 65 Yrs. ☐ Over 6' ☐ Over 200 Lbs.

OTHER IDENTIFYING FEATURES: _____

State of Maryland City of Baltimore

Subscribed and sworn to before me
A notary public, this 7th day of May 2014

_Signature_

**Notary Public** My Comm. Exp. 04/01/2018

STEPHEN H. FOLCHER
SERVED BY
LASALLE PROCESS SERVERS
ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

*[Seal: BRENT EDWARD MEENAN NOTARY PUBLIC BALTIMORE CITY, MD]*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | |
|---|---|
| CMB EXPORT, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:2013-cv-04051 |
| KIM ATTEBERRY, CHRIS ATTEBERRY, and | ) |
| VERMILLION CONSULTING, LLC | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                                          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Angelique Brunner
1778 I Street, NW, 9th Floor, Washington, District of Columbia 20006

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Lewis Brisbois Bisgaard & Smith LLP<br>601 Pennsylvania Avenue NW, Ste. 900 -South Building<br>Washington, D.C. 20006 | Date and Time:<br>05/22/2014 5:00 pm |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   05/01/2014

                    *CLERK OF COURT*
                                              OR   /s/ [signature]
    _____                 _____
      *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:2013-cv-04051

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                *Server's signature*

                                                _____
                                                *Printed name and title*

                                                _____
                                                *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

Unredacted copies of all documents previously tendered by Angelique Brunner pursuant to the prior subpoena issued to her. Additionally, any and all unredacted documents, records, emails, and correspondence relating to or in any way involving Kimberly Atteberry, Christopher Atteberry, or Vermilion Consulting, LLC, including communications involving Jonathan Bloch; the Manatt Law firm; Gerard Cappello; Cappello Global LLC; Cappello Group Inc.; any other entity affiliated with Jonathan Bloch, the Manatt Law firm, or Cappello Group Inc.; DC Regional Center; EB5 Capital; EB5 America; Brian Ostar; Henry Liebman; American Life, Inc.; any other entity affiliated with Henry Liebman or American Life, Inc.; Stuart Lichter; Industrial Realty Group, LLC; any other entity affiliated with Stuart Lichter or Industrial Realty Group, LLC; Michael Rosenfeld; Woodridge Captial Partners, LLC; any other entity affiliated with Michael Rosenfeld or Woodridge Capital Partners, LLC; Eric Kaplan; Kevin Shields; Griffin Capital Corporation; any other entity affiliated with Eric Kaplan, Kevin Shields, or Griffin Capital Corporation; and/or Texas Urban Regional Center, LLC. This request includes but is not limited to any correspondence relating to or involving any past, existing or projected EB-5 related projects, regardless of whether EB-5 funding was actually used, from June 2011 – the present.

4810-6329-5512.1

# EXHIBIT B

## Cooper, Robert

| | |
|---|---|
| **From:** | Cooper, Robert |
| **Sent:** | Wednesday, June 11, 2014 4:16 PM |
| **To:** | 'chris.brown@ackermanbrown.com' |
| **Cc:** | Michels, John |
| **Subject:** | Angelique Brunner Subpoena |
| **Attachments:** | Brunner subpoena and aff.pdf |

Mr. Brown,

Thank you for contacting us. Attached please find a copy of the subpoena served upon Ms. Brunner and the corresponding affidavit of service.

As you can see, Ms. Brunner was served on May 7, 2014 and her response was due on May 22, 2014. Her response is now seriously untimely and we require a response as soon as possible.

Please feel free to contact us with any questions or concerns. We look forward to hearing from you further.



**Robert G. Cooper**
Attorney
Robert.Cooper@lewisbrisbois.com
**550 West Adams Street, Suite 300**
**Chicago, IL 60661**

T: 312.463.3471  F: 312.345.1778

LewisBrisbois.com  

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

1